[Docket Nos. 6, 7]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM HARRISON, III,<br><br>        Plaintiff,<br><br>    v.<br><br>KAMERON KATSANOS and JOHN DOES 1–10,<br><br>        Defendants. | Case No. 23-cv-21433 (RMB/SAK)<br><br>**MEMORANDUM ORDER** |

    This is a personal injury case that was removed from New Jersey Superior Court on October 24, 2023. [*See generally* Notice of Removal, Docket No. 1; State Ct. Compl., Docket No. 1-3.[1]] It arises out of an April 15, 2022, automobile accident in Atlantic City, New Jersey. [State Ct. Compl. ¶ 1, Docket No. 1-3.] The parties are already litigating a separate civil action in this District Court involving the same underlying facts. [*Compare* Compl., Docket No. 1, *McMillan v. Katsanos*, Case No. 1:23-cv-00002 (SAK) (D.N.J. filed Jan. 2, 2023) (the "**Related Action**"), *with* State Ct. Compl., Docket No. 1-3 (filed Sept. 25, 2023).] As alleged in the operative Complaints, a vehicle driven by Defendant Kameron Katsanos ("**Mr. Katsanos**") struck a vehicle driven by Plaintiff William Harrison, III ("**Mr. Harrison**"), causing injury and damages, including to Mr. Harrison's passengers. [Related Action Compl.

---

[1] Unless otherwise noted, all docket references correspond to the above-captioned action (*i.e.*, Case No. 23-cv-21433).

¶¶ 9–12, Docket No. 1; State Ct. Compl. ¶¶ 1–6, Docket No. 1-3.] In the Related Action, however, Mr. Harrison is a codefendant, and his passengers are plaintiffs. [*See generally* Related Action Compl., Docket No. 1.] There, the passengers asserted that Mr. Harrison and Mr. Katsanos are both liable for negligence. [*Id.* ¶¶ 14, 30, 46, 62.] Both defendants denied wrongdoing and asserted crossclaims against each other for contribution. [Related Action, Docket Nos. 6, 11.]

After the close of discovery in the Related Action, as the parties approached the deadline for dispositive motions, Mr. Harrison inexplicably asserted an independent negligence claim against Mr. Katsanos in New Jersey Superior Court. [State Ct. Compl., Docket No. 1-3 (filed Sept. 25, 2023).] Mr. Katsanos timely removed pursuant to 28 U.S.C. § 1441(a), [Notice of Removal, Docket No. 1 (filed Oct. 24, 2023)], and now seeks to consolidate the above-captioned matter with the Related Action, [*see* Mot. to Consolidate, Docket No. 7 (filed Nov. 11, 2023)]. As the basis for removal, Mr. Katsanos invokes this Court's diversity jurisdiction. [Notice of Removal ¶ 7, Docket No. 1.] There does not appear to be any basis for federal question jurisdiction. [*See generally id.*]

On November 8, 2023, Mr. Harrison filed a Motion to Remand. [Docket No. 6.] His argument is simple: because Mr. Katsanos is a citizen of New Jersey, he is not entitled to remove this action under the so-called "forum defendant rule." [Pl.'s Br. 4, Docket No. 6-5 (citing 28 U.S.C. § 1441(b)).] Therefore, Mr. Harrison seeks for this matter to be remanded. [*Id.*] In opposition, Mr. Katsanos contends that the forum defendant rule does not prohibit removal because this action is not "solely" based on

the Court's diversity jurisdiction. [Def.'s Opp'n 2, Docket No. 8.] By this, Mr. Katsanos means that this action is purportedly based on the Court's diversity jurisdiction *and* supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). [*Id.* at 2–4.] He clarifies that the Court can exercise supplemental jurisdiction over Mr. Harrison's negligence claim here because the Court has exercised diversity jurisdiction over the Related Action. [*Id.* at 3–4.] In sum, Mr. Katsanos urges the Court to consolidate this action with the Related Action. [*Id.* at 4.]

Having carefully considered the parties' submissions without oral argument pursuant to Local Civil Rule 78.1, the Court reluctantly agrees with Mr. Harrison and concludes that this action must be remanded.[2]

\* \* \*

Federal courts are courts of limited jurisdiction. *In Re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). They may only address cases or controversies where they have the

---

[2] Still, the Court questions why Mr. Harrison brought this action separately. Why did Mr. Harrison fail to assert his negligence claim against Mr. Katsanos in the Related Action as a crossclaim? He and Mr. Katsanos were already joined as codefendants, and the Related Action clearly involves the same underlying incident. Typically, a party such as Mr. Harrison would assert all crossclaims against a codefendant such as Mr. Katsanos at the same time. Indeed, under New Jersey's idiosyncratic application of res judicata principles, among other points of law, joinder of all such claims may be required to avoid preclusion in a later action. *See Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015) (explaining that the "entire controversy doctrine" applies to preclude subsequently asserted claims by a party where they "arise from related facts or the same transaction or series of transactions" as the previously asserted claims) (internal quotation marks and citation omitted). Of course, this is presumably a risk of which Mr. Harrison must be aware. The parties should consider whether there is an alternative and appropriate method to resolve their dispute in the Related Action pending before Judge King instead of burdening the resources of other courts with a duplicative civil action.

subject matter jurisdiction to do so. *See id.* ("Congress, as allowed by the Constitution, must expressly grant them the power and authority hear and decide cases."). Accordingly, federal courts may only adjudicate two types of actions, generally speaking: cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and disputes between citizens of different states, 28 U.S.C. § 1332(a). Where a state-court case "could have been filed in federal court" on either basis (§ 1331 or § 1332(a)), Congress has provided that such actions may be removed from state court to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

However, Congress did not provide defendants with an "unqualified right to remove." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___, ___, 139 S. Ct. 1743, 1749 (2019). Under the forum defendant rule, an action otherwise removable based on 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule has long been viewed as procedural rather than jurisdictional. *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).

The party seeking removal carries the burden of establishing the court's subject matter jurisdiction and that removal is otherwise proper. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). If not, the procedural defect is waived. *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50–51 (3d Cir. 1995).

Here, there can be little doubt that removal was improper. "Defendant Kameron Katsanos is a citizen of the State of New Jersey. [Notice of Removal ¶ 8, Docket No. 1.] "Plaintiff William Harrison[,] III[,] is a citizen of the State of New York." [*Id.* ¶ 10.] Mr. Katsanos relies on the Court's diversity jurisdiction to support removal of this action, [*id.* ¶ 7], his argument regarding supplemental jurisdiction notwithstanding.[3] In such circumstances, because Mr. Katsanos is "a citizen of the

---

[3] The Court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). The Court is not aware of, nor has Mr. Katsanos cited, any authority for the proposition that claims asserted in one action can come within the *supplemental* jurisdiction of a district court by bootstrapping claims asserted in another action that come within the *original* jurisdiction of the district court. Indeed, the case law suggests the opposite proposition. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter

State in which such action is brought," the forum defendant rule bars his attempt at removal. 28 U.S.C. § 1441(b)(2). This procedural defect, timely raised by Mr. Harrison, [*see* Docket No. 6 (filed Nov. 8, 2023)], warrants remanding this action back to New Jersey Superior Court. *See Korea Exch. Bank*, 66 F.3d at 50–51 (explaining that a court may remand a matter pursuant to § 1447(c) for improper removal by a forum defendant who is noncompliant with § 1441(b)). Accordingly, for good cause shown,

**IT IS**, on this **29th** day of **November 2023**, hereby:

1. **ORDERED** that Mr. Harrison's Motion to Remand [Docket No. 6] is **GRANTED**; and it is further

2. **ORDERED** that, pursuant to 28 U.S.C. § 1447(c), this case is, and shall be, **REMANDED** for all further proceedings to the Superior Court of New Jersey, Law Division, Atlantic County, under Docket No. ATL-L-2723-23; and it is further

3. **ORDERED** that Mr. Katsanos's Motion to Consolidate [Docket No. 7] is thus **DENIED**, as moot; and it is finally

4. **ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

Cc: Hon. Sharon A. King, U.S.M.J.

---

jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction.") (internal citations omitted); *see also In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995) (stating that an "already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action").